UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY JOHN HYNES, #209660,

        Petitioner,

v.

        CASE NO. 2:10-CV-10827
        HONORABLE GERALD E. ROSEN

THOMAS BIRKETT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

Michigan prisoner Timothy John Hynes ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. In his pleadings, Petitioner raises claims concerning his state sentence and his right to appeal that sentence under state law.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily

1

dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief on his claims and denies the petition. The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner states that he pleaded guilty to first-degree home invasion in the Wayne County Circuit Court pursuant to a *Cobbs* agreement[1] in 2007. He was sentenced as a fourth habitual offender to 10 years 8 months to 20 years imprisonment – a sentence at the maximum provided by the *Cobbs* evaluation. Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *See People v. Hynes*, No. 288321 (Mich. Ct. App. Nov. 26, 2008) (unpublished). Petitioner then

---

[1] A "*Cobbs* agreement" refers to *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), in which the Michigan Supreme Court "authorized a particular type of plea agreement wherein a judge states the appropriate length of sentence, which is non-binding, but if the defendant subsequently pleads guilty, that defendant retains the absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Wright v. Lafler*, 247 F. App'x 701, 703 n. 1 (6th Cir. 2007).

2

filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. Hynes*, 483 Mich. 979, 764 N.W.2d 229 (2009).

Petitioner has now filed the present habeas petition, raising the following claims:

I. The statutory ban on appellate review of sentences within the sentencing guidelines is a violation of constitutionally mandated separation of powers.

II. His sentence, which was the maximum within the *Cobbs* evaluation, was not proportional because it did not give consideration for his offer to assist the prosecution in five unrelated felony matters, including criminal sexual conduct and homicide cases.

**III. Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless

3

arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, §2254(e)(1) requires that this Court presume the correctness of state court factual

determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.     Analysis**

   **A.     Separation of Powers Claim**

Petitioner asserts that he is entitled to habeas relief because the statutory ban on appellate review of sentences within the sentencing guidelines violates the constitutionally mandated separation of powers. Specifically, Petitioner claims that Mich. Comp. Laws § 769.34(10) is unconstitutional because it violates the right to appeal as granted by the Michigan Constitution, as well as the separation of powers enunciated in the Michigan Constitution.

The Michigan statute provides in relevant part:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

Mich. Comp. Laws § 769.34(10).

To warrant federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 27, 41 (1984). Petitioner's claim that § 769.34(10) violates the separation of powers between the legislative and judicial branches of the State of Michigan is not

5

cognizable on habeas review because the separation of powers between two branches of state government is a state law issue. *See Austin v. Jackson*, 231 F.3d 298, 302 (6th Cir. 2000) (citing *Pulley*, 465 U.S. at 41). Any perceived violation of the separation of powers between the legislative and judicial branches of Michigan's government thus does not warrant relief from this Court.

Petitioner is similarly not entitled to relief on any claim that Mich. Comp. L. § 769.34(10) violates his state constitutional right to appeal as such a claim concerns a matter of state law which is not cognizable upon federal habeas review. *See, e.g., Estelle,* 502 U.S. at 67. There is no federal constitutional right to an appeal. *See Abney v. United States*, 431 U.S. 651, 656 (1977); *see also Smith v. Robbins*, 528 U.S. 259, 270 n. 5 (2000) (the Constitution does not require states to create appellate review in criminal cases); *United States v. Nation*, 352 F.3d 1075, 1077 (6th Cir. 2003) (indicating that federal defendant had no *constitutional* right to appeal his sentence). The right of appeal, as presently known in criminal cases, "is purely a creature of statute," and "in order to exercise that statutory right, one must come within the terms of the applicable statute" with regard to that right of appeal. *Abney*, 431 U.S. at 656. Because Petitioner has no federal constitutional right to appeal, Michigan's limitation on state appellate review of a state trial court's sentencing decision does not violate Petitioner's rights under federal law.

In fact, the United States Supreme Court has observed that "[o]rdinarily, a sentence within statutory limits is beyond appellate review." *Zant v. Stevens*, 462 U.S. 862, 901 (1983). Michigan's "codification of this rule" in Mich. Comp. Laws § 769.34(10) thus does not run contrary to clearly established federal law so as to justify relief from this Court. *See Purifoy v. Stovall*, No. 2:08-CV-10736, 2009 WL 1044612, *6-7 (E.D. Mich. April 20, 2009) (Murphy, J.)

6

(rejecting similar claim); *Holman v. Renico*, No. 05-CV-70359, 2006 WL 3105839, *9 (E.D. Mich. Oct. 31, 2006) (Hood, J.) (same). Habeas relief is not warranted on this claim.

### B. Disproportionate Sentence Claim

Petitioner also asserts that he is entitled to habeas relief because his sentence is disproportionate. Petitioner claims that the state trial court, in imposing his sentence, failed to properly consider his willingness to assist the authorities in unrelated felony cases and improperly sentenced him (within the state sentencing guidelines) to the maximum under the *Cobbs* agreement.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's assertion that his sentence is disproportionate under Michigan law fails to state a claim for federal habeas relief. *See Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 27, 41 (1984)); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991), in ruling that the Eighth Amendment does not require a sentencing court to consider mitigating factors in non-capital cases). Moreover, Petitioner admits that his sentence was within the maximum allowed by the *Cobbs* agreement.

Petitioner is also not entitled to relief on any claim that his sentence constitutes cruel and

7

unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas*, 49 F.3d at 261. Petitioner was sentenced as a fourth habitual offender to 10 years 8 months to 20 years imprisonment on his first-degree home invasion conviction. His sentence was within the statutory maximum of life imprisonment for such an offense and for a fourth habitual offender. *See* Mich. Comp. Laws §§ 750.110a(2), 769.12. The trial court acted within its discretion, and in accordance with the *Cobbs* agreement, in imposing Petitioner's sentence. There is no extreme disparity between his crime and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted on this claim.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his habeas petition and the petition must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing

8

threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed *in forma pauperis* on appeal is **DENIED**.

                                          s/Gerald E. Rosen
                                          Chief Judge, United States District Court

Dated: March 8, 2010

I hereby certify that a copy of the foregoing document was served upon Timothy Hynes, #209660, Pine River Correctional Facility, 320 N. Hubbard, St. Louis, Michigan on March 8, 2010, by ordinary mail.

                                          s/Ruth A. Gunther
                                          Case Manager